Good morning. May it please the Court, I'm James Laughlin and I'm here on behalf of the appellant Miguel De La Torre-Jimenez. With the Court's permission, I'd like to reserve two minutes of my time for rebuttal. This morning I'd like to focus on the modified categorical approach issue in this case. If Section 11351 is divisible, the question is whether the government's met its burden to of an 11351 offense involved cocaine. Can you help me on something here? When I looked at the abstract of judgment, it just said possession of a narcotic controlled substance for sale under 11351. But then I looked at the felony complaint, which I think but I'm not sure is what he pleaded to, and it says possession for sale of a controlled substance to with cocaine exceeding 4 kilos. Was that before the district court as a Shepard document and did that adequately provide a basis for determining which controlled substance it was? Yes, it was before the district court as a Shepard document. The three Shepard documents were the complaint, the abstract of judgment, and a docket sheet. And no, those were not adequate to establish. You have here count one charged the purchase and possession for sale of cocaine, correct? Correct. Okay. And the abstract of judgment on the second page of ER 92 says offense count one. And he pleaded to count one. So under, we have a long line of cases on this issue, the most recent of which is Valdovinos-Torres. Doesn't that kind of deal with this issue and not in your favor? Yes and no. Because as Judge Morgillas wrote for herself and seven others in the dissent from denial we're hearing on Banca Cabantec, the court's precedent in this area, and I'm using her words, are a mess. Well, isn't that exactly the reason for the opinion in Valdovinos-Torres which reconciles those previous lines of cases that that dissent pointed out appeared to be in conflict? Valdovinos-Torres does what we're supposed to do, which is to say things don't seem like they go together and says we can make those mesh and here's the rule going forward. No, Your Honor. Actually, Judge Morgillas and the others wrote the dissent after Valdovinos-Torres and explained why Valdovinos-Torres didn't really settle the issue. What we really have is the two lines of case law that's developed in this area that have mutually inconsistent rules. The Vidal rule which says that if you have, if your only Shepard documents are an indictment and a judgment, the judgment has to include the critical phrase as charged in the indictment. The other line of cases mostly No one eliminated that, right? Well, yes. What they say is that as long as the abstract of judgment or the minute order refers to a plea to count one or any particular count, the court can then consider the facts alleged in that count. But that wasn't a required verbal formula like Blackacre to John Doe and his heirs. I'm sorry, I didn't follow that question. You know, in property law, there are some verbal formulas and you have to have the magic words. Maybe you don't know. I guess everybody doesn't take property anymore. It's been a long time since I took property, but I think we decided that as stated in the was not a formula necessarily required. Well, I don't think that after Vidal, I don't think any of the cases that have come up with this ultimate rule have ever really dealt head on with Vidal. In fact, that's one of the things that Judge Mugia wrote in her dissent. She said that all of the cases after that have either completely ignored Vidal or distinguish it beyond all recognition. Well, Vidal relied in part on a three-judge panel opinion in Snellenberger. Snellenberger, Your Honor, was after Vidal. Not the three-judge panel. I'm sorry, you're right. That's exactly what I was going to say to you. The three-judge panel opinion came out in Snellenberger. Then Vidal came out. Then Snellenberger was taken en banc. And this question was answered en banc after Vidal in Snellenberger. So I'm not sure where there's a conflict anymore. Well, I disagree with that. And again, to rely on Judge Mugia and the other's dissent, what they said was, I mean, Snellenberger, the en banc Snellenberger decision came down a year after Vidal, does not cite to Vidal at all. And she said it doesn't really make sense that one en banc court would actually overrule an en banc court from a year earlier without even citing the case, just do a sub silencio. What's more reasonable is that these are two distinct cases dealing with different issues. And she pointed out that the key issue in Snellenberger was whether or not a minute order could be looked at in the first place. And then it was, that was the threshold issue to get there. The court did look and say, well, the minute order plus the complaint leads us to the conclusion that he committed a certain offense. But that was not the, while that may have been set in passing on getting to the issue that was the key issue in Snellenberger, it was not a holding. Because if it was in fact a holding, you would have expected the court to say, well, you know, we really have to, stare decisis really requires us to at least acknowledge this en banc decision from a year ago. And to in some way explain why, if we are going to change the rule, why we're doing it. And there's nothing in that decision, which I think leads to. So you're saying that an en banc decision cannot be read as overruling a case that it doesn't mention? I'm not saying that as an absolute rule, but I'm saying under the circumstances presented here, Snellenberger decided a year after Vidal, but not citing Vidal, should not be read as overruling Vidal. I think that that would be, and I think that, I think that even the most recent case, kind of in this line of authority, Medina Lara, kind of expressed a somewhat of a, the tension between this. It quoted the Vidal as charging the indictment requirement, and then noted that Kabantech had sort of moved away from that. And then kind of distinguished Kabantech for other reasons. But what we do have here is, I think there is a tension in the law. And I think that the problem that the dissenters had in Kabantech, and that we have actually as litigators, and that as Judge McGee has said, most importantly that aliens have, when they're entering these pleas in the first place is, we don't know what the rule is. And quite frankly, until the court takes the issue en banc and resolves this, then this issue will be coming up again and again. And all I can ask you as a three-judge panel to do is, I believe there's two conflicting lines of authority out there, and it has to choose a side right now. And then whether en banc review is appropriate later, that's another question. But if you are going to pick a side, I would say pick Vidal, an en banc decision which was not overruled by Snellenberger or any other en banc case, as opposed to a line of three-judge panel cases, which as Judge McGee has said, some of which ignore Vidal completely, and other of them distinguish them incorrectly. Thank you, Counsel. You have two minutes if you wanted to say if you'd like to. Thank you very much. We'll hear from the government. Good morning again, Your Honors. Ashley All for the United States. There is just no distinction between this case and the line of cases finding that various documents are sufficient for purposes of Shepard. It is just like Strickland and Snellenberger and Coronado and Leal Vega and Valdivinos Torres. And I think to the extent that my colleague has come up with an irremediable conflict, I think it's just not there. And in any case, it's not present in this case where there is a clear plea to count one and count one mentions a particular substance. So to the extent that there is some band of ambiguity between Vidal and Snellenberger, I don't think that we're anywhere near that band of ambiguity here. In this case, the district court was furnished with papers showing a plea of guilty to a charge which said that it was cocaine. Yes, Your Honor. Possession for sale. Possession for sale of cocaine. On the Coronado issue, I know Coronado is the word of the day, and I will try to avoid saying it too many times. The only point that I would make to add to previous arguments is that I think the premise that Coronado was under-reasoned or resulted from inadequate briefing or opportunity to consider these arguments is just wrong. What does it matter? I mean, you can say Coronado, Coronado, Coronado. I'm going to try not to. I'll see if I succeed. That case, there was a rehearing petition as well as an amicus brief filed by the Federal Public Defender's Office because it wasn't a criminal case. And I think those two pleadings at a minimum followed most, if not all, of the pleadings filed in these cases. And so I think the premise that Coronado resulted from some error or from some lack of opportunity to consider the arguments here just isn't right. With that, I would rest on the arguments of my colleagues, unless the Court has further questions. I don't believe that we do. Thank you. Thank you very much. Mr. Lachlan, if you wish, you have some time remaining. Yes. Well, I just wanted to respond to the government's point that saying, which I don't completely understand, that if there is a conflict between Vidal and the other cases, then it makes a difference in this case. The Vidal rule is if there's – if what you have is a charging document and an abstract or a judgment, you can't – that doesn't satisfy the modified categorical approach unless you have the key critical phrase, as charged in the indictment. If that rule applies here, then the documents that were submitted in the district court by the government aren't – doesn't meet the government's burden, and this should not have been treated as a 16-level enhancement. So clearly, if the Vidal rule has any life in it left whatsoever, Mr. De La Torre wins under that rule, and that's why I think it's important for the Court to ultimately – this panel to choose that side, and if not, for the Court as a whole to ultimately resolve the conflict. Thank you. Thank you, counsel. The case just argued is submitted. We appreciate the arguments of all counsel today. They've all been extremely helpful to the Court.
judges: Ebel, Kleinfeld, Graber